# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**MARRIO TERRELL DEDNAM**                                                    **PETITIONER**
**ADC# 107593**

**VS.**                          **CASE NO.: 5:06CV00076 WRW/BD**

**LARRY NORRIS, Director,**
**Arkansas Dept. of Correction**                                      **RESPONDENT**

<u>**RECOMMENDED DISPOSITION**</u>

**I**.     <u>**Procedure for Filing Objections:**</u>

The following recommended disposition has been sent to United States District

Judge William R. Wilson, Jr.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from receipt of the findings and recommendations.  A copy will be

furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the District

Judge, you must, at the same time that you file your written objections, include the

following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    The details of any testimony desired to be introduced at the
      hearing before the District Judge in the form of an offer of
      proof, and a copy, or the original, of any documentary or
      other non-testimonial evidence desired to be introduced at
      the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A-149
    Little Rock, AR 72201-3325

## II.    **Introduction**:

On October 22, 2003, a jury in the Circuit Court of Pulaski County, Arkansas

found Petitioner Marrio Terrell Dednam guilty of capital murder.  He was sentenced to a

term of life in prison, and the Supreme Court of Arkansas affirmed on appeal.  *Dednam v.*

*State of Arkansas*, 360 Ark. 240, 200 S.W.3d 875 (2005).

Petitioner has now filed a Petition for Writ of Habeas Corpus (docket entry #1)

under 28 U.S.C. § 2254 (#1), claiming that his Sixth Amendment right to confrontation

was violated.  For the reasons that follow, the Court recommends that this Petition for

Writ of Habeas Corpus (#1) be DENIED and DISMISSED with prejudice.

III.   **Background**:

Petitioner was convicted of murdering Jerry Otis ("Otis") to keep Otis from

testifying at the trial of Petitioner's cousin, Antoine Baker ("Baker").  Otis had been

robbed at gunpoint, and during a police interview conducted by Little Rock Detective

Lynda Keel ("Keel"), Otis identified Baker as one of his assailants.  After the

identification, Baker was arrested and charged with aggravated robbery.  Otis was the

only eyewitness to the robbery.

Shortly after Baker's arrest, Otis was murdered, and Petitioner was charged in the

homicide.  At Petitioner's trial, and over Petitioner's objections, Detective Keel testified

that Otis had identified Baker as one of the armed robbers, and that, as a result, a warrant

had been issued for Baker's arrest.  The import of this testimony was to establish

Petitioner's motive for murdering Otis, *i.e.*, that Otis was likely to testify that Petitioner's

cousin Baker had committed armed robbery.  The Arkansas Supreme Court summarized

the disputed testimony at Petitioner's trial as follows:

> Prosecutor:   And what caused that warrant [for Baker] to be issued?
>
> Detective Keel:   On August the 5th, 2002, there was [an] aggravated robbery reported where Jerry Otis was the victim, and I consequently, about five days later, interviewed him [Otis], showed a photo spread.  He knew the initials of the suspect and the name and I showed a photo spread.

Petitioner's lawyer objected to Detective Keel's testimony on grounds that

anything Otis said to Detective Keel constituted hearsay and violated Dednam's Sixth

Amendment right to confront and cross-examine a witness against him, as well as his due-process rights under both the United States and Arkansas Constitutions.  The prosecution argued that Detective Keel's testimony was not hearsay because it was not offered to prove the truth of the matter asserted, *i.e.*, as evidence that Petitioner's cousin Baker had, in fact, committed aggravated robbery.  Instead, the prosecution argued, the statements were offered to show that Otis made the statements, true or not true and that, as a result, Baker was arrested and charged, thus prompting Petitioner to kill Otis.

The trial judge overruled Dednam's objection, and Detective Keel's testimony of Otis's out-of-court statements were admitted.  Later in Detective Keel's testimony, the following colloquy occurred:

| | |
|---|---|
| Prosecutor: | You said that Jerry Otis made a report that Antoine Baker robbed him.  Tell the jury briefly what he said that Antoine Baker did to him. |
| Defense Counsel: | May we approach? |

[A bench conference ensued, out of the hearing of the jury, as follows.]

| | |
|---|---|
| Defense Counsel: | What Jerry Otis said is hearsay, and there is no exception that fits.  This denies us our right to confront and cross-examine witnesses under the U.S. Constitution's Sixth Amendment and the due process clause of both Constitutions, Arkansas and U.S. |
| Prosecutor: | This is the same objection counsel made a moment ago, and I had the same response.  This is not the trial of Antoine Baker, and we are certainly not offering this evidence as proof that Antoine Baker did, in fact, commit this crime.  That would be for another trial and another place, but simply that Jerry Otis made these |

4

> statements, true or not true, and Antoine Baker was arrested because of these statements. And so they are not being offered for the truth of the matter asserted. They are not hearsay, and the Court should admit those statements.

Defense Counsel:   I would also argue to the Court that this would be confusing to the jury about the issues in this case.

The Court: Okay.   I will overrule it, but I think you have already– all right.

[Return to open court.]

Prosecutor:   Just summarize what this aggravated robbery case was.

Detective Keel:   Jerry Otis went to an address on Crenshaw to visit a female friend.  When he arrived at that address, he was confronted by several subjects outside who pointed a gun at him, made him undress and took his clothes from him, $500 in cash and then fired shots at him.

Prosecutor:   And this was Antoine Baker?

Detective Keel:   Yes. He identified Antoine Baker.

Prosecutor:   And as a result of statements Jerry Otis made to you, what did you do in response?

Detective Keel:   Had a warrant issued.

*Dednam v. State of Arkansas*, 360 Ark. 240, 243-46, 200 S.W.3d 875 (2005).

In affirming Petitioner's conviction, the Arkansas Supreme Court determined that admission of the disputed testimony was not hearsay and did not violate Petitioner's Sixth Amendment right of confrontation.  Petitioner contests this determination in the immediate Petition.

5

IV.    **Analysis of Petitioner's Claims**:

A.    **Standard for Granting Habeas Corpus Relief**:

The Court will not grant a writ of habeas corpus unless the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1).  "'[A] state-court decision is contrary to [Supreme Court] precedent if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'– in other words, if it 'applies a rule that contradicts the governing law set forth in our cases.'"  *Mark v. Ault*, 498 F.3d 775, 783 (8th Cir. 2007) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495 (2000)).

Petitioner alleges that the decision of the Arkansas courts was contrary to, or an unreasonable application of, the holding in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004).  He contends that the statements by Otis were hearsay, because they were admitted to prove the truth of the matter asserted.  (Docket entry # 1, pp. 8-9).

In *Crawford*, the Supreme Court held that the Sixth Amendment restricts the admission of out-of-court testimonial statements unless:  (1) the declarant is unavailable to testify at trial; and (2) the defendant had an opportunity to cross-examine the declarant prior to trial.  *Id.*; see also *Davis v. Washington*, 547 U.S. 813, 821, 126 S.Ct. 2266, 2273 (2006) (quoting the holding in *Crawford*).

6

The declarant, Jerry Otis, obviously was unavailable to testify at Petitioner's trial as the purpose of the trial was to determine whether Petitioner was responsible for Otis's untimely demise.  It is also undisputed that Petitioner had no opportunity to cross-examine Otis's out-of-court declarations prior to trial.  If Detective Keel's recitation of Otis's statements was the kind of "testimonial evidence" prohibited by *Crawford*, then admission of the testimony was a Sixth Amendment violation.

In *Crawford*, the Supreme Court made it clear that the boundaries of the Sixth Amendment Confrontation Clause are not co- terminus with the Rules of Evidence.[1] Reliability of out-of-court declarations cannot justify admission of testimonial statements. In other words, evidence readily admissible under the rules of evidence under a hearsay exception may still violate the Confrontation Clause.  Thus, the questions raised are: (1) whether the evidence at issue was "testimonial," and (2) whether it was hearsay.

**B.**      **Testimonial Evidence:**

Non-testimonial hearsay evidence does not implicate the Confrontation Clause of the Sixth Amendment.  "Only testimonial statements 'cause the declarant to be a "witness"within the meaning of the Confrontation Clause.'"   *U.S. v. Torres-Villalobos*, 487 F.3d 607, 612 (8th Cir.  2007) (quoting *Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 2273 (2006)); see also *Crawford*, 541 U.S. at 68.

---

[1]Petitioner's trial took place in the Circuit Court of Pulaski County, Arkansas. Arkansas courts apply the Arkansas Rules of Evidence, which are similar, but not identical, to the Federal Rules of Evidence.

Otis's out-of-court statements at issue here resulted from a police interview in furtherance of a criminal investigation, *albeit* the investigation of a different crime and different criminal suspects.  The *Crawford* Court declined to "spell out a comprehensive definition of 'testimonial,'" *Crawford*, 541 U.S. at 68, but statements adduced during interrogations by law enforcement officers fall squarely within the definition of testimonial evidence for purposes of the Sixth Amendment.  *Id.* at 53, n. 4 (holding that a statement "knowingly given in response to structured police questioning qualifies under any conceivable definition.")  Accordingly, the statements made by Otis to Detective Keel case were "testimonial" in nature.

## C.  <u>The Hearsay Rule</u>:

In *Crawford*, the Court makes it clear that the Sixth Amendment right to confront witnesses cannot be satisfied by a finding that out-of-court statements are "reliable."  The *Crawford* Court flatly rejected the notion that a jury could "hear evidence, untested by the adversary process, based on a mere judicial determination of reliability."  *Crawford* at 62.

The *Crawford* Court draws an important line, however, distinguishing testimonial *hearsay* from testimonial *non-hearsay*.  Thus, even if the statements at issue were testimonial, if they were not hearsay; the Confrontation Clause is not implicated by their introduction into evidence. "The [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."  *Id.* at 60, n. 9 (citing *Tennessee v. Street*, 471 U.S. 409, 414, 105 S.Ct. 2078

(1985).  Thus, if out-of-court testimonial evidence is not hearsay, the Confrontation

Clause is not implicated.

While there is no question that the out-of-court statements made by Otis to

Detective Keel were testimonial, it is equally clear that the statements were not hearsay.

Detective Keel's testimony about Otis's out-of-court statements were not offered to prove

the truth of what Otis said.  That is, they were not offered to prove that Baker actually

committed an armed robbery against Otis, but rather to demonstrate that Petitioner, who is

Baker's cousin, had a motive to kill Otis.  Thus, Keel's testimony as to Otis's statements

were not presented to prove the truth of the matter asserted, but rather were offered to

prove that the statements were made by Otis, whether true or not.

The rationale behind *Crawford's* distinction between testimonial *hearsay* and

testimonial *non-hearsay* is aptly illustrated by the present case.  It makes no difference to

the outcome of Petitioner's trial whether Baker was – or was not – one of Otis's

assailants.  Stated another way, even if Petitioner had been able to cross examine Otis, it

would have been wholly unhelpful to his cause.

Such a cross examination would have gone one of two ways.  On cross

examination, Otis might have maintained his position that Baker had robbed him at

gunpoint.  In that case, the prosecution would have established a motive for Baker's

cousin, the Petitioner in this case, to kill him.

On the other hand, Otis might have recanted, testifying that he had lied about the robbery.  He might have admitted that Baker had *not* robbed him, at gunpoint or otherwise.  Had this been Otis's testimony on cross examination, the prosecution arguably would have established an even more compelling motive for Petitioner to have killed Otis, *i.e.*, that Otis not only accused Baker, but that he intentionally accused Baker *wrongly* .  This scenario would help Petitioner only if killing a lying witness were a defense to murder in Arkansas.  As the law stands, killing witnesses is unlawful and unjustified – even if the witnesses is a liar.

There is an argument to be made that testimonial non-hearsay should be covered by the Confrontation Clause.  See *e.g.*, Stephen Aslett, *Crawford's Curious Dictum: Why Testimonial "Nonhearsay" Implicates the Confrontation Clause*, 82 Tul. L. Rev. 297, 311-23 (2007) (discussing the framers-era understanding of hearsay).  This view is not shared, however, by the United States Supreme Court or the Court of Appeals for the Eighth Circuit.

### D.   Forfeiture by Wrongdoing:

The doctrine of "forfeiture by wrongdoing" presents an additional hurdle for Petitioner.  This rule "establishes the general proposition that a defendant may not benefit from his or her wrongful prevention of future testimony from a witness or potential witness." *United States v. Emery*, 186 F.3d 921, 926 (8th Cir.1999), cert. denied, 528 U.S. 1130, 120 S.Ct. 968 (2000).  When applicable, the rule "extinguishes confrontation

claims on essentially equitable grounds." *Crawford*, 541 U.S. at 62 (citing *Reynolds v. United States*, 98 U.S. 145, 158-59 (1879)).

The United States Supreme Court, however, has recently held that a criminal defendant does not automatically give up his or her Sixth Amendment right to confront witnesses simply by causing the unavailability of the witness. *Giles v. California*, ___ U.S. ___, 128 S.Ct. 2678 (2008). This is true even where a defendant is on trial for murdering the declarant, as was the case in *Giles*. *Id.*

In the wake of *Giles*, there are only two forms of out-of-court testimonial statements that can be admitted into evidence based on the forfeiture-by-wrongdoing doctrine: (1) declarations made by a declarant who was "on brink of death and aware that he was dying," and (2) statements of a declarant "who was 'detained' or 'kept away' by 'means or procurement of defendant.'" *Id.* at 2682-83 (quoting *Lord Morley's Case,* 6 How. St. Tr. 769, 771 (H.L.1666) ("detained"); *Harrison's Case,* 12 How. St. Tr. 833, 851 (H.L.1692) ("made him keep away"); *Queen v. Scaife,* 117 Q.B. 238, 242, 117 Eng. Rep. 1271, 1273 (K.B.1851) ("kept away"); see also 2 W. Hawkins, Pleas of the Crown 425 (4th ed. 1762) (hereinafter Hawkins) (same); T. Peake, Compendium of the Law of Evidence 62 (2d ed. 1804) ("sent" away); 1 G. Gilbert, Law of Evidence 214 (1791)).

The first exception is not applicable in this case. The second exception, *i.e.,* where the defendant has procured the declarant's absence, applies, "only if the defendant has in mind the particular purpose of making the witness unavailable." *Giles*, 128 S.Ct. at 2687

(quoting 5 C. Mueller & L. Kirkpatrick, Federal Evidence § 8:134, p. 235 (3d ed.2007));

see also FED. RULE OF EVID. 804(b)(6) (applying "forfeiture by wrongdoing" doctrine

only when defendant "engaged or acquiesced in wrongdoing that was intended to, and

did, procure the unavailability of the declarant as a witness."). Thus, the fact that a

defendant causes a declarant to be unavailable to testify at trial operates as a waiver of the

defendant's Sixth Amendment right to confrontation only if the defendant *intended* to

make the declarant unable to testify.

Unlike the defendant in *Giles*, Petitioner was convicted of murdering Otis to

prevent him from testifying against someone other than himself, in a trial for a crime in

which Petitioner is alleged to have played no part, *i.e.*, the armed robbery. These

distinctions, however, provide no safe harbor for Petitioner. The rule of forfeiture by

wrongdoing applies whether a defendant was involved in the murder of a potential

witness in his own case or in a case against another person. *United States v. Johnson*, 495

F.3d 951 (8th Cir. 2007) (holding that forfeiture by wrongdoing applies to defendant even

though she had worked to procure the unavailability of potential witnesses against another

defendant); *United States v. Emery*, 186 F.3d 921, 926 (8th Cir. 1999), cert. denied, 528

U.S. 1130, 120 S.Ct. 968 (2000) (rejecting contention that forfeiture by wrongdoing rule

should apply only in the trial on the underlying crimes about which defendant feared

declarant would testify and not in defendant's trial for murdering declarant).

## V.    Conclusion:

The Arkansas Supreme Court's rejection of Petitioner's claim that his rights were violated did not result in a decision contrary to clearly established federal law.  28 U.S.C. § 2254(d)(1).  Accordingly, the Court recommends that the Petition for Writ of Habeas Corpus be DENIED, and the case be DISMISSED WITH PREJUDICE.

DATED this 31st day of July, 2008.

_____

UNITED STATES MAGISTRATE JUDGE